Filed 8/11/23  P. v. Maron CA5

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FIFTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE, Plaintiff and Respondent, v. BRANDON MURAD MARON, Defendant and Appellant. | F085101 (Super. Ct. No. 21CR-04390) **OPINION** |

### THE COURT*

APPEAL from a judgment of the Superior Court of Merced County.  Mark V. Bacciarini, Judge.

James Edward Jones, under appointment by the Court of Appeal, for Defendant and Appellant.

Office of the State Attorney General, Sacramento, California, for Plaintiff and Respondent.

-ooOoo-

---

* Before Franson, Acting P. J., Snauffer, J. and De Santos, J.

## STATEMENT OF APPEALABILITY

Appellant, Brandon Murad Maron, appeals from a final judgment of conviction following a no contest plea, appealable under Penal Code section 1237, subdivisions (a) and (b).[1]

## STATEMENT OF THE CASE

On February 10, 2022, the Merced County District Attorney filed a four count information against Maron alleging he committed assault with intent to commit a felony (§ 264.1, subd. (a); count 1), a felony; elder abuse with injury (§ 368, subd. (b)(1); count 2), a felony; possession of a controlled substance (Health & Saf. Code, § 11377; count 3), a misdemeanor; and possession of drug paraphernalia (Health & Saf. Code, § 11364; count 4), a misdemeanor. As to counts 1 and 2, it was further alleged that Maron inflicted great bodily injury on an elderly victim (§ 12022.7, subd. (c)), and, as to count 1, it was further alleged he inflicted great bodily injury on a vulnerable victim (§ 1203.09, subd. (a)).

On July 26, 2022, Maron entered a no contest plea to amended count 2, elder abuse (§ 368, subd. (b)(1)) and admitted that the victim suffered great bodily injury (§ 12022.7, subd. (c)). The balance of the charges and allegations were dismissed. On October 7, 2022, Maron was sentenced to serve seven years in prison. He was also ordered to pay a conviction assessment fee of $30 (Govt. Code, § 70373), a court operations assessment of $40 (§ 1465.8), a restitution fine of $2,100 (§ 1202.4), with an additional $2,100 fine suspended pending successful completion of parole (§ 1202.45).

At sentencing, Maron argued that he was entitled to 126 days of custody credit for his participation in programming pursuant to section 4019.4, subdivision (a)(1), in addition to the 394 actual days, and 59 days of conduct credit. The trial court disagreed,

---

[1] All statutory references are to the Penal Code unless otherwise stated.

and awarded 394 actual days, 42 days program credit (§ 4019.4, subd. (a)(1)), and 59 days conduct credit, for a total of 495 days credit for time served.

On October 7, 2022, Maron filed a timely notice of appeal.

## STATEMENT OF FACTS[2]

On September 8, 2021, Maron got into a fight with his girlfriend's 77-year-old mother. During that fight, Maron punched his girlfriend's mother to the ground, put his weight on her thigh, and broke her femur.

## APPELLATE COURT REVIEW

Maron's appointed appellate counsel has filed an opening brief that summarizes the pertinent facts, raises no issues, and requests this court to review the record independently. (*People v. Wende* (1979) 25 Cal.3d 436 (*Wende*).) The opening brief also includes the declaration of appellate counsel indicating Maron was advised he could file his own brief with this court. By letter on May 15, 2023, we invited Maron to submit additional briefing. To date, he has not done so.

Having undertaken an examination of the entire record, we find no evidence of ineffective assistance of counsel or any other arguable error that would result in a disposition more favorable to Maron.

## DISPOSITION

The judgment is affirmed.

---

[2] Because Maron pled, the facts are taken from the victim's testimony at the preliminary hearing on February 7 and 9, 2022.